# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TONYA MARIE ANDERSON,**            Case No. 1:18 CV 2991

    Plaintiff,                               Judge Christopher A. Boyko

    v.                                     Magistrate Judge James R. Knepp II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                         **REPORT AND RECOMMENDATION**

## INTRODUCTION

On October 10, 2018, Plaintiff Tonya Anderson filed a *pro se* Complaint against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny Supplemental Security Income ("SSI"). (Doc. 1).[1] This matter has been referred to the undersigned pursuant to Local Rule 72.2(b)(1). (Non-document entry dated January 30, 2019). This matter is before the Court on the Commissioner's Motion to Dismiss filed on May 8, 2019. (Doc. 11). After Plaintiff missed the deadline to file an opposition, this Court issued an Order to Show Cause (Doc. 12), and Plaintiff filed an Opposition (Doc. 14). For the reasons below, the Court recommends the Commissioner's Motion be GRANTED.

## PROCEDURAL BACKGROUND[2]

Plaintiff filed an application for SSI in September 2015. *See* Doc. 11-2, at 8. On February 28, 2018, an administrative law judge ("ALJ") denied Plaintiff's application. *See id.* at 8-15.

---

1. This Complaint was initially filed in the United States District Court for the District of Columbia, and transferred to this Court. *See* Docs 2, 4.
2. For the administrative history, the Court relies on the declaration from Michael Sampson, Chief of Court Case Preparation and Review Branch 3, Office of Appellate Operations, Social Security Administration (Doc. 11-2, at 1-4), as well as the ALJ Decision (Doc. 11-2, at 5-18) and Appeals Council decision (Doc. 11-2, at 19-25).

Plaintiff subsequently requested the Appeals Council review the ALJ's decision. *See id.* at 19. On June 19, 2018, the Appeals Council denied Plaintiff's request for review. *Id.* Within its notice denying review, the Appeals Council provided information regarding filing a civil lawsuit:

**Time to File a Civil Action**

• You have 60 days to file a civil action (ask for court review).

• The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

• If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

*Id.* at 20.

On September 13, 2018, the Appeals Council sent Plaintiff a second letter, stating that it had "received a request that we reopen and change the decision." *Id.* at 24. The letter further stated: "Under our rules, you do not have the right to court review of our denial of your request for review." *Id.*

On October 10, 2018, Plaintiff filed the Complaint in the instant case in the Untied States District Court for the District of Columbia. *See* Doc. 1. The case was subsequently transferred to this Court. (Doc. 3). On May 8, 2019, the Commissioner filed the pending Motion to Dismiss. (Doc. 11). Following this Court's order to show cause (Doc. 12), Plaintiff filed an Opposition (Doc. 13).

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders,

items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

## DISCUSSION

In her motion, the Commissioner asserts Plaintiff's complaint should be dismissed due to its untimely filing. (Doc. 11, at 3-5). Plaintiff's opposition does not respond to the Commissioner's argument. *See* Doc. 13. For the reasons discussed below, the undersigned recommends the Commissioner's Motion be granted and the case dismissed

The Commissioner contends Plaintiff's complaint should be dismissed as untimely-filed under 42 U.S.C. § 405(g). (Docs. 11, 11-1). She asserts the deadline to file a complaint was August 23, 2018, and Plaintiff did not commence this action until October 10, 2018.

The Social Security Act sets forth the time limitation for seeking judicial review of an unfavorable agency decision. The relevant statute provides in part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). The corresponding regulation further provides:

> For the purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the

3

>Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Therefore, a plaintiff must commence a civil action within 65 days of the Appeals Council's notice, unless she can make a "reasonable showing" of receipt of the notice at a later date. *See Urban v. Comm'r of Soc. Sec.,* 2012 WL 5996378, at *2 (N.D. Ohio); *Spires v. Comm'r of Soc. Sec.*, 2015 WL 7576011, at *1 (N.D. Ohio).

This 65-day limitation period serves the purpose of moving "cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen*, 476 U.S. at 481. The Sixth Circuit has stressed strict adherence to this 65-day time limit. *See Cook*, 480 F.3d at 437 ("Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."); *see also Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 51 (6th Cir. 2008) (affirming dismissal of complaint filed five days late).

The time period in which a plaintiff must file a complaint may be extended upon the showing of good cause to the Appeals Council. 20 C.F.R. § 416.1482. A plaintiff may also be entitled to equitable tolling of the 65-day limitation period under appropriate circumstances. *Cook*, 480 F.3d at 437. When evaluating whether equitable tolling is appropriate, a court considers:

>(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

In Plaintiff's case, the ALJ's decision became final when the Appeals Council declined further review on June 19, 2018. (Doc. 11-2, at 19). *See* 20 C.F.R. § 416.1481 (when Appeals Council denies review, ALJ's decision stands as final decision of the Commissioner). Accordingly, Plaintiff had 65 days from June 19, 2018, or until August 23, 2018 to file her complaint. However, Plaintiff did not do so until October 10, 2018, 48 days late. (Doc. 1).

The Appeals Council's denial of Plaintiff's request to reopen does not modify this calculation. This is so because a decision to deny a motion to reopen is not a final decision subject to judicial review. *See Harper v. Sec'y of Health & Human Servs.,* 978 F.2d 260, 262 (6th Cir. 1992) (citing, *inter alia, Califano v. Sanders,* 430 U.S. 99, 107–09 (1977)). As another district court explained:

> Tying the deadline for seeking judicial review to the [denial of an application to reopen], which is not itself susceptible to judicial review, would make no sense. *See Kinyoun v. Ribicoff,* 194 F. Supp. 528, 529 (W.D.Mo.1961) (refusing to tie the sixty-day period to the date of the Appeals Council's refusal to reopen or modify its previous order); *cf. Califano,* 430 U.S. at 108 ("[A]n interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evinced in § [4]05(g), to impose a 60–day limitation upon judicial review....").

*Stone v. Colvin*, 2013 WL 1811802, at *1–2 (E.D. Ky.).

Thus, the undersigned finds Plaintiff's complaint is untimely. Plaintiff has presented no dispute as to the expiration date of her 65-days, or as to when she filed her complaint. Plaintiff did not seek an extension of this deadline from the Appeals Council. Further, Plaintiff has not made a "reasonable showing" that she received the Appeals Council notice at a later date than the regulatory presumption. *See* 20 C.F.R. § 422.210(c).

Likewise, Plaintiff has not provided any argument for equitable tolling of the 65-day limitation period. *See Kellum,* 295 F. App'x at 49 (placing the burden on the late-filing claimant to submit evidence establishing "exceptional circumstances warranting equitable tolling"). The

5

Appeals Council's June 19, 2018 notice specifically apprised Plaintiff of the filing deadlines. *See* Doc. 11-2, at 20. While 48 days is not a significant delay, the Sixth Circuit has cautioned courts to be "mindful of the fact that there are millions of applicants for Social Security." *Cook*, 480 F.3d at 437 (affirming dismissal of complaint filed one day late).

Plaintiff's opposition presents inapposite arguments regarding her daughter's alleged disability status. *See* Doc. 13. In conclusion, the undersigned finds Plaintiff failed to timely file her Complaint challenging the Commissioner's decision to deny SSI, and has provided no basis for an extension of the statutory deadline.

To the extent Plaintiff's Complaint attempts to raise additional claims regarding her employment with the United States Postal Service, *see* Doc. 1, such claims are not properly brought against the Commissioner. As such, the undersigned recommends those claims be dismissed without prejudice.

## CONCLUSION AND RECOMMENDATION

For the reasons above, the undersigned recommends the Court GRANT the Commissioner's Motion to Dismiss (Doc. 11).

                                                      s/ James R. Knepp II
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).